OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Pacific Employers Insurance Company appeals from the August 26, 2003, Judgment of the Licking County Court of Common Pleas.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On or about May 25, 2001, appellee Michael Fazio was injured when he was struck by a dune buggy operated by Michael Berryhill, an uninsured driver, while walking on the beach in Mexico.
 {¶ 3} At the time of the accident, appellee was employed by Owens Corning. Owens Corning was the named insured on a business auto policy issued by appellant Pacific Employers Insurance Company with liability limits of $2 million.
 {¶ 4} Subsequently, on April 11, 2002, appellee filed a complaint against appellant, among others, in the Licking County Court of Common Pleas seeking uninsured motorist coverage under the business auto policy issued by appellant to Owens Corning. On November 15, 2002, appellee filed a Motion for Partial Summary Judgment alleging, in part, that appellee was an insured under such policy for purposes of uninsured motorist coverage "because such policy suffers from the same ambiguity identified by the Ohio Supreme Court in Scott-Pontzer v. Liberty Mut. Ins. Co.
(1999), 85 Ohio St.3d 660." On the same date, appellant filed a Motion for Summary Judgment. Pursuant to a Judgment Entry filed on February 13, 2003, the trial court granted appellee's Motion for Partial Summary Judgment while denying that filed by appellant.
 {¶ 5} Thereafter, an Agreed Final Judgment Entry was filed in this matter on August 26, 2003. The trial court, in such entry, stated, in relevant part, as follows:
 {¶ 6} "Plaintiff Fazio also made a claim in his complaint that he was entitled to money damages from Defendant PEIC [Pacific Employers Insurance Company] in the event coverage was found. By agreement, Plaintiff Fazio withdraws that claim from the court's consideration as he and Defendant PEIC have reached an understanding, via a separate written agreement, that this claim will be submitted to private, binding arbitration should this court's ruling on coverage be upheld.
 {¶ 7} Accordingly, the Court enters final judgment declaring that Plaintiff, Michael B. Fazio, is entitled to uninsured/underinsured motorist coverage under the policy of insurance issued by Defendant, Pacific Employers Insurance Company, as involved in this action. This entry resolves all remaining matters before the Court between Plaintiff Fazio and Defendant PEIC, therefore the court finds no cause for delay."
 {¶ 8} It is from the trial court's August 26, 2003, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 9} "The trial court erred in denying pacific employers insurance company's motion for summary judgment and granting plaintiffs' [sic] partial motion for summary judgment."
 I {¶ 10} Appellant, in its sole assignment of error, argues that the trial court erred in denying appellant's Motion for Summary Judgment and granting appellee's Motion for Partial Summary Judgment. We agree.
 {¶ 11} Appellee's claims are premised upon a claim for uninsured/underinsured motorist coverage pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116. Subsequent to the trial court's decision in this matter, the Ohio Supreme Court, on November 5, 2003, decided Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, and In re Uninsured Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302,2003-Ohio-5888, 798 N.E.2d 1077. The Galatis decision limited the application of Scott-Pontzer ". . . by restricting the application of uninsured and underinsured motorist coverage issued to a corporation to employees only while they are acting within the course and scope of their employment. . . ."Galatis, supra., at 217.
 {¶ 12} Because it is undisputed that appellee was not in the course and scope of his employment with Owens Corning at the time of the accident, we find that appellee is not entitled to uninsured/underinsured motorist insurance coverage under the business auto policy issued by appellant to Owens Corning, appellee's employer. See Monroe Guar. Ins. Co. v. Smith, Stark App. No. 2003CA00240, 2004-Ohio-2087. See also Moye v. American Foreign Ins. Co., Stark App. Nos. 2003CA00216, 2003CA00211, 2004-Ohio-608.
 {¶ 13} Appellant's sole assignment of error is, therefore, sustained.
 {¶ 14} For the foregoing reasons, the judgment of the Licking County Court of Common Pleas is reversed and pursuant to App. R. 12, final judgment is hereby entered in favor of appellant Pacific Employees Insurance Company.
Edwards, J., Wise, P.J. and Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and final judgment is hereby entered in favor of appellant Pacific Employees Insurance Company. Costs assessed to appellees.